# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 9, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

131419
& (61)

TES FILER CITY STATION, LLP,
        Petitioner-Appellant,

v

TOWNSHIP OF FILER,
        Respondent-Appellee.

SC: 131419
COA: 258806
Mich Tax Tribunal: 00-192808

_____/

On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the March 21, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur in the order denying the application for leave but take this opportunity to express my reservations about petitioner's motion to file a brief that exceeds the page limits in this tax case involving a cogeneration plant. Petitioner's motion accompanied its application for leave to appeal. The application that exceeds the page limits reflected a scattershot appellate strategy in a 74-page submission. The statement of the issues confusingly did not conform to the argument section of the application. Petitioner's counsel raised 20 issues in this Court, after having raised 49 issues in the Court of Appeals. The Court of Appeals had helpfully condensed the issues into nine, but in this Court, petitioner again multiplied the issues. Further, petitioner's counsel raised four issues in this Court for the first time—issues that were never raised in the Court of Appeals or the Michigan Tax Tribunal. Moreover, petitioner's arguments pertaining to the issues in its application seem both redundant and poorly developed.

With some focus on editing, petitioner's counsel could have consolidated many of the issues for a more effective presentation. Why should a respondent have to read, analyze, and respond to a 74-page application before this Court has granted a motion to

file an excess-length brief? Why should this Court be required to scrutinize, decipher, and consolidate excessively long and unnecessarily complex briefs? It is petitioner, and not this Court, who must focus the issues to be presented. The strategy employed here has unnecessarily increased the expense of litigation, to the detriment of the pocketbooks of the ratepayers and the taxpayers.

Having considered this matter and too many like it, I concur only to provide fair notice to the litigants. I will very carefully scrutinize motions to file applications or briefs that exceed the page limits. Indeed, such motions are expressly disfavored by the court rules. Cf. MCR 7.212(B). Our current rule requires extraordinary and compelling reasons why an adequate argument cannot be made within the standard page limits. That case has not been made here.

Moreover, I would open an administrative file to consider amending the court rules to require that the Chief Justice decide motions to file applications that exceed the page limits. The Chief Justice could, as part of the Chief Justice's "housekeeping responsibilities," quickly rule on an appellant's motion before an appellee's response is due and before the case is assigned internally. Some of our sister states have adopted such a practice by rule,[1] while others have done so by internal operating procedures.[2] Other states allow a single justice to decide motions to file applications or briefs that exceed the page limits.[3] Such a rules amendment might provide a more expedient and efficient use of this Court's limited resources.

YOUNG, J., joins the statement of CORRIGAN, J.

---

[1] See, e.g., California, Cal Rules of Court, Rule 8.204(c)(5), and Connecticut, Conn Rules of Court, Connecticut Practice Book § 67-3.

[2] See, e.g., Wisconsin, Supreme Ct IOP II, 6.a.

[3] See, e.g., Tennessee, Tenn R App P, Rule 11(f), and Virginia, Va Sup Ct Rules, R 5:26(a).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 9, 2007

_Corbin R. Davis_
Clerk